UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RONALD SPOOR,

               Petitioner,

    v.                                                     19-CV-1675 (JLS) (MJR)

THE PEOPLE OF THE STATE OF
NEW YORK,

               Respondent.

_____

## DECISION AND ORDER

       Petitioner Ronald Spoor ("Petitioner") commenced this action pursuant to 28 U.S.C. § 2254 seeking a Writ of Habeas Corpus by a Person in State Custody based on a judgment entered against him in New York State Supreme Court, County of Seneca, on February 6, 2015. Dkt. 1. Petitioner pled guilty to first-degree criminal sexual act, in violation of New York law. *See id.* Petitioner challenges the constitutionality of this conviction—specifically, he claims his counsel was ineffective at the time of the state court plea. *Id.*

       Petitioner filed a petition on December 12, 2019. Dkt. 1. Respondent subsequently filed an answer and a memorandum in opposition to the petition. Dkt. 11–12. Petitioner replied. Dkt. 14. Further, on July 5, 2023, Petitioner filed an affidavit in support of his petition. Dkt. 22–23. Respondent moved to strike the affidavit—claiming that Petitioner never submitted the affidavit to the state court and that it is outside the record that can be considered in a habeas corpus proceeding. *See*

Dkt. 24.  Petitioner opposed the motion to strike and moved to amend his petition with additional facts in support of his ineffective counsel claim.  Dkt. 25–26.

On March 28, 2024, Judge Roemer[1] issued a Report, Recommendation, and Order ("R&R") recommending that this Court (1) deny the petition in its entirety on the merits; and (2) deny a certificate of appealability because Petitioner failed to make a substantial showing of the denial of a constitutional right.  *See* Dkt. 27, at 27.  Judge Roemer also considered the additional arguments Petitioner raised in the proposed amended petition and in the supplemental affidavit, and determined they are without merit.  Thus, he granted the motion to amend the petition and denied Respondent's motion to strike the affidavit because he considered all the factual and legal arguments Petitioner raised.  Dkt. 27, at 20.

Petitioner filed an objection to the R&R on April 9, 2024.  Dkt. 28.  Petitioner objected to the R&R in its entirety and requested an extension to file a supporting brief.  *See* Dkt. 28.  This Court granted the extension, but Petitioner did not file anything further.  *See* Dkt. 31.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects.  *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72

---

[1] This Court referred the case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C).  Dkt. 9.

requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the objections briefing, and the relevant record. Based on its *de novo* review, the Court accepts and adopts Judge Roemer's recommendation.

Thus, for the reasons stated above, and in the R&R, it is hereby ORDERED that the petition be DENIED in its entirety and on the merits. Further, because Petitioner failed to make a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), the Court DENIES a certificate of appealability. The Clerk of Court shall close this case.


SO ORDERED.

Dated:      July 26, 2024
            Buffalo, New York

                                      _____
                                      JOHN L. SINATRA, JR.
                                      UNITED STATES DISTRICT JUDGE